UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARNELL D. OWENS, | ) | CASE NO.   4:14CV408 |
| | ) | (4:11CR294) |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

This matter appears before the Court upon Petitioner Darnell Owens' *pro se* Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. §2255 (hereinafter, §2255 motion). Doc. 51. For the reasons set forth below, Mr. Owens' §2255 motion is DENIED.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On June 28, 2011, Mr. Owens was named in a federal indictment alleging that he was a felon in possession of ammunition, violating 18 U.S.C. §922(g)(1) and 18 U.S.C. §924(e). Doc. 1. The case proceeded to trial on November 21, 2011, where Mr. Owens elected to represent himself. At trial, the jury found Mr. Owens guilty of being a felon in possession of ammunition. Doc. 25. Thereafter, this Court sentenced Mr. Owens to the mandatory minimum of 180 months in the Bureau of Prisons, below his advisory guideline range of 210 to 262 months. Doc. 33.

On April 10, 2012, Mr. Owens filed an appeal and accepted appointed counsel to prosecute the appeal. Doc. 35.  Mr. Owens presented two arguments on appeal: 1) that this Court erred in determining he was competent to refuse counsel and represent himself; 2) that this Court

1

erred in denying his motions for acquittal. Doc. 49. On March 1, 2013, the Sixth Circuit Court of Appeals affirmed this Court's judgment. *Id.*

On February 21, 2014, Mr. Owens filed a timely §2255 motion. Doc. 51. In his §2255 motion, Mr. Owens raises the following three grounds for relief:

> **GROUND ONE:** Mr. Owens was denied due process because this Court put him on trial without conducting a competency hearing.
>
> **GROUND TWO:** Mr. Owens was denied due process because he had ineffective assistance of counsel on appeal.
>
> **GROUND THREE:** Mr. Owens was denied a fair trial due to prosecutorial misconduct.

*Id.* (reworded for clarity). Mr. Owens asks for both his sentence and his conviction to be reversed. *Id.* The Government has filed a brief in opposition to the motion and Mr. Owens has filed a reply. Docs. 52 and 54.

## II. STANDARD OF REVIEW

By way of 28 U.S.C. §2255, a federal inmate is provided with a means of collaterally attacking his conviction or sentence. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Motions brought under §2255 are the sole means by which a federal prisoner can collaterally attack a conviction or sentence that he alleges to be in violation of federal law. *See Davis v. United States*, 417 U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979).

Under 28 U.S.C. §2255, there are four ways for a federal prisoner to establish a claim for relief. A prisoner may move the court that imposed the sentence to vacate, set aside, or correct the sentence for the following reasons:

> [1] the sentence was imposed in violation of the Constitution or laws of the United States, or

> [2] that the court was without jurisdiction to impose such sentence, or
>
> [3] that the sentence was in excess of the maximum authorized by law, or
>
> [4] is otherwise subject to collateral attack.

28 U.S.C. §2255(a).

In order to prevail on a §2255 motion alleging constitutional error, a petitioner must establish that an error of constitutional magnitude occurred that had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a §2255 motion alleging non-constitutional error, a petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

### III.    CLAIMS ANALYSIS

#### A.  GROUND ONE: Mr. Owens was denied due process because this Court put him on trial without conducting a competency hearing.

Although Mr. Owens brought forth the issue of a competency hearing in his direct appeal, he did not raise the due process argument. As he could have raised this issue by way of a direct appeal, allowing him to raise it through a §2255 motion would turn his §2255 motion into a substitute for an appeal. The Supreme Court has continuously held that a §2255 motion cannot be a substitute for an appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Addonizio*, 422 U.S. 178, 184-185 (1979); *Hill*, 368 U.S. at 428-429. Moreover, issues not raised on direct appeal are procedurally defaulted under § 2255 unless the petitioner can show good cause for failing to raise them on appeal and actual prejudice from such failure, or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Peveler v. United States*, 269

F.3d 693, 698 (6th Cir. 2001). Owens has not attempted to make this showing and therefore procedurally defaulted this ground for relief.

Assuming, *arguendo*, that Mr. Owens could bring this issue through his §2255 motion, he would have to establish that there was a "substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d 486 at 488.  As the Sixth Circuit noted, at the time of trial, there was no reason to believe that Mr. Owens was incompetent; the only evidence to relating to Mr. Owens' mental capacity was introduced at the sentencing hearing. Doc. 49 (information copy). Thus, there was no reason for this Court to question Mr. Owens' competency and no reason to think a competency hearing was necessary. Further, Mr. Owens' briefing in his §2255 motion is not focused upon a lack of competency, but rather on his lack of understanding of the law and courtroom procedure.  Being uneducated in the law is not equivalent to being incompetent to stand trial. Therefore, the lack of a competency hearing did not have a "substantial and injurious effect or influence on the proceedings."

Mr. Owens' first ground for relief is meritless and therefore, is denied.

### B.  GROUND THREE: Mr. Owens was denied a fair trial due to prosecutorial misconduct.

Like the due process issue analyzed above, Mr. Owens should have, but did not, raise his prosecutorial misconduct argument on appeal. Accordingly, he has procedurally defaulted this ground for relief.

Assuming, *arguendo*, that Mr. Owens had preserved this issue, he would have to establish that there was a "substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d 486 at 488.  To prevail on this claim, he must show that the prosecutor's conduct was "so fundamentally unfair as to deny him due process." *Kincade v. Sparkman*, 175 F.3d 444, 446 (6th Cir. 1999).

4

In his §2255 motion, Mr. Owens argues that the prosecutor broadened the indictment and the material elements of the crime during both the opening and closing arguments. Doc. 51. The Government concedes that it introduced circumstantial evidence of the fact that Mr. Owens possessed a gun and asked the jury to consider that fact when determining whether he possessed the ammunition in the indictment. It is clear to the Court that this does not constitute a broadening of the charges brought against Mr. Owens.

Mr. Owens was charged with and found guilty of violating 18 U.S.C. §922(g)(1), being a felon in possession of *ammunition*. Docs. 1 and 25. At trial, the Court instructed the jury as to the elements the prosecutor must prove in order for Mr. Owens to be guilty: "The defendant . . . knowingly possessed any of the ammunition specified in the indictment." Doc. 46, p. 85. The ammunition is listed in the indictment as follows: '[T]en rounds of Winchester .9 millimeter caliber ammunition, and two rounds of Federal .9 millimeter caliber ammunition." Doc. 1.

Using circumstantial evidence and making reasonable inferences did not change the elements of the offense. Arguing to the jury that Mr. Owens had a gun in no way amended the indictment or broadened the nature of the charges. In fact, prosecutors, like defense attorneys, are permitted to make reasonable inferences from the evidence. *United States v. Vaughn*, 12 Fed. Appx. 188, 192 (6th Cir. 2000). The jury found Mr. Owens guilty of being a felon in possession of ammunition, not a felon in possession of a gun. Hence, the mention of a gun did not have a "substantial and injurious effect or influence on the proceedings."

Consequently, Mr. Owens' third ground for relief is meritless; thus, it is denied.

### C.  GROUND TWO: Mr. Owens was denied due process because he had ineffective assistance of counsel on appeal.

5

Mr. Owens argues that his appellate counsel was ineffective because the issues of a competency hearing and prosecutorial misconduct were never raised. Doc. 51. To establish that his right to effective assistance of counsel was violated, Mr. Owens must show that his lawyer's performance was inadequate and that this inadequate performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A lawyer's performance is deemed inadequate if it falls "below an objective standard of reasonableness." *Id*. at 687-688.

As discussed above, the claims regarding a competency hearing and prosecutorial misconduct are meritless. As the Sixth Circuit has stated, there can be "no constitutional deficiency in appellate counsel's failure to raise meritless issues." *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999).

Therefore, Mr. Owens' second ground for relief is denied.

### IV.     CONCLUSION

For the reasons stated above, Mr. Owens' §2255 motion is hereby DENIED.

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed.R. App.P. 22(b).

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

August 14, 2014                           */s/ John R. Adams*
                                          JUDGE JOHN R. ADAMS
                                          UNITED STATES DISTRICT COURT